J. Thomas Beckett (5587)
Matthew D. Cook (10751)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
jbeckett@parsonsbehle.com
mcook@parsonsbehle.com

*Attorneys for the Receiver Tammy B. Georgelas*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMMY B. GEORGELAS, as Receiver for ROGER S. BLISS, an individual, and ROGER S. BLISS d/b/a ROGER BLISS AND ASSOCIATES EQUITIES, LLC, a Utah limited liability company, ROGER BLISS AND ASSOCIATES CLUB LLC, and BLISS CLUB LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>DESERT HILL VENTURES, INC.,<br><br>   Defendant. | **COMPLAINT**<br><br>Civil No. 2:16-cv-00514-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Tammy B. Georgelas (the "Receiver"), as the duly appointed receiver for Roger S. Bliss, Roger Bliss and Associates Equities, LLC, Roger Bliss and Associates Club LLC, and Bliss Club LLC (collectively referred to as "Bliss"), complains against the above-captioned defendant (the "Defendant") as follows:

1

## JURISDICTION, AND VENUE

1.  Jurisdiction is proper in this Court pursuant to Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)), Section 27 of the Exchange Act (15 U.S.C. § 78aa), and Chapter 49 of Title 28, Judiciary and Judicial Procedure (28 U.S.C. §§ 754 and 1367).

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 754.

## THE PARTIES

3.  Plaintiff Tammy B. Georgelas has been appointed by The United States District Court for the District of Utah, Central Division (the "Court") as the Receiver for all assets of Bliss, including both real and personal property. Ms. Georgelas is asserting the claims herein in her capacity as the Court-appointed Receiver.

4.  Upon information and belief, Defendant Desert Hill Ventures, Inc. is a Utah corporation with a principal place of business in Salt Lake County, Utah.

## GENERAL ALLEGATIONS

### The Ponzi Scheme

5.  From approximately 2008 until February 2015, Roger Bliss solicited individuals (collectively the "Investors") to invest funds with Bliss in an investment club that he claimed would generate returns of 200-600% by his day trading in Apple stock, and upon receipt of such funds he comingled them in his personal bank account.

6.  In fact, Bliss lost over $3,500,000 day trading and in order to make payments to Investors for their fictitious "earnings" he used monies collected from other Investors.

7.  Roger Bliss also spent over $6,000,000 on a lavish lifestyle to benefit himself and his family including luxury sailing trips, hunting trips, sailboats, and vehicles.

8. On February 11, 2015, the Securities and Exchange Commission (the "SEC") filed a lawsuit against Bliss (the "Complaint") alleging securities fraud in relation to the Ponzi scheme (the "SEC Enforcement Action").

9. On the same day, the Court entered a temporary restraining order preventing Bliss from continuing to run the investment club.

10. The Court also entered an order freezing all of Bliss's assets and prohibiting the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties.

11. The SEC retained Lone Peak Valuation Group ("Lone Peak") to perform forensic accounting services in relation to the SEC Enforcement Action.

12. As part of their engagement, Lone Peak analyzed over 16,000 transactions based upon documents produced by Bliss's banking institutions in response to subpoenas.

13. On June 10, 2015 the Court entered an order appointing Tammy B. Georgelas as the Receiver for Bliss.

14. The order appointing the Receiver empowers and directs her to perform three general tasks, among more specific powers and duties: (i) to preserve, marshal, and liquidate the defendants' assets; (ii) to establish a claims resolution procedure; and (iii) to distribute the liquidation proceeds to creditors who hold legitimate claims.

15. After her appointment, the Receiver retained Lone Peak Valuation to continue its work including, but not limited to, determining whether Bliss was insolvent and advising her on the status of each individual Investor including details of their investments with, and payments from, Bliss.

16. Lone Peak has informed the Receiver that Bliss was insolvent from at least 2008 until present.

17. Prior to the Receiver's appointment, Roger Bliss controlled Roger Bliss and Associates Equities, LLC, Roger Bliss and Associates Club LLC, and Bliss Club LLC (the "Bliss Entities").

18. Roger Bliss operated the Bliss Entities as a consolidated enterprise having the classis characteristics of a Ponzi scheme.

19. On February 8, 2016 Roger Bliss signed a Consent in which he:

(a) Acknowledged pleading guilty to criminal conduct relating to securities violations alleged in the Complaint in Utah v. Bliss, Case No. 151907989 (Third District of Utah, 2015);

(b) Waived his right to entry of findings of fact and conclusions of law and verified that he would not take any action denying, directly or indirectly, any allegation in the Complaint; and

(c) Consented to entry of a Final Judgment that, among other things, restrained him from violating securities laws and ordered him to pay disgorgement of monies obtained in furtherance of his fraud.

20. On April 19, 2016 the Court entered a Final Judgment as to Roger S. Bliss, enjoining him from violating securities laws and, among other things, ordering him liable for disgorgement of $10,985,704.34, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,895,204.86 for a total of $13,880,909.20.

### The Fraudulent Transfers

21. Prior to the SEC Enforcement Action, Bliss made payments to Defendant in excess of the amount that Defendant had invested with Bliss (the "Fraudulent Transfers").

22. These payments were not actual earnings gained from Bliss's day trading, but instead monies solicited from other Investors.

23. The total amount of Fraudulent Transfers made to Defendant, in the amount of $317,000.00, are set forth in the schedule attached hereto as Exhibit 1, which is incorporated herein by reference.

24. The Receiver did not discover the Fraudulent Transfers until after her appointment on June 10, 2015.

### **FIRST CLAIM FOR RELIEF**
*(Avoidance of Fraudulent Transfers under Utah Code Ann. § 25-6-5(1)(a))*

25. The Receiver realleges and incorporates herein by reference each of the preceding allegations, as if set forth completely herein.

26. The Fraudulent Transfers were transfers of an interest of Bliss in property.

27. The Fraudulent Transfers were made with actual intent to hinder, delay, or defraud creditors of Bliss.

28. At the time of the Fraudulent Transfers, Bliss had creditors, including but not limited to other Investors, who have remained creditors until present.

29. The Fraudulent Transfers are avoidable by the Receiver under Utah Code Ann. § 25-6-5(1)(a).

## SECOND CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers under Utah Code Ann. § 25-6-5(1)(b))*

30. The Receiver realleges and incorporates herein by reference each of the preceding allegations, as if set forth completely herein.

31. The Fraudulent Transfers were made by Bliss without receiving reasonably equivalent value in exchange therefor.

32. At the time the Fraudulent Transfers were made, Bliss:

    (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of Bliss were unreasonably small in relation to the business or transaction; or

    (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

33. At the time of the Fraudulent Transfers, Bliss had creditors, including but not limited to other Investors, who have remained creditors until present.

34. The Fraudulent Transfers are avoidable by the Receiver under Utah Code Ann. § 25-6-5(1)(b).

## THIRD CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers under Utah Code Ann. § 25-6-6(1))*

35. The Receiver realleges and incorporates herein by reference each of the preceding allegations, as if set forth completely herein.

36. The Fraudulent Transfers were made by Bliss without receiving reasonably equivalent value in exchange therefor.

37. Bliss was insolvent at the time the Fraudulent Transfers were made, or became insolvent as a result of such transfers.

38. At the time of the Fraudulent Transfers, Bliss had creditors, including but not limited to other Investors, who have remained creditors until present.

39. The Fraudulent Transfers are avoidable by the Receiver under Utah Code Ann. § 25-6-6(1).

### FOURTH CLAIM FOR RELIEF
*(Unjust Enrichment)*

40. The Receiver realleges and incorporates herein by reference each of the preceding allegations, as if set forth completely herein.

41. All Fraudulent Transfers made to Defendant were property of Bliss and the monies used to make the transfers were obtained as a result of Bliss running a Ponzi scheme.

42. The Fraudulent Transfers conferred a benefit upon Defendant.

43. Defendant knowingly accepted and appreciated this benefit.

44. Allowing Defendant to retain the Fraudulent Transfers would unjustly enrich it and would be inequitable to the creditors in this matter, including other Investors, who have suffered as a result of Bliss's wrongdoing.

45. Without the return of the Fraudulent Transfers, the Receivership Estate and creditors of the estate, including other Investors who lost money in the Ponzi scheme, will be damaged by Defendant's unjust enrichment and may have no adequate remedy at law.

46. The Receiver is entitled to judgment against Defendant requiring it to disgorge the full amount of the Fraudulent Transfers.

## FIFTH CLAIM FOR RELIEF
*(Constructive Trust)*

47. The Receiver realleges and incorporates herein by reference each of the preceding allegations, as if set forth completely herein.

48. All Fraudulent Transfers made to Defendant were property of Bliss and the monies used to make the transfers were obtained as a result of Bliss running a Ponzi scheme.

49. Allowing Defendant to retain the Fraudulent Transfers would unjustly enrich it and would be inequitable to the creditors in this matter, including other Investors, who have suffered as a result of Bliss's wrongdoing.

50. The Fraudulent Transfers can be traced to Bliss's wrongful behavior.

51. Injustice would result if Defendant were allowed to keep the Fraudulent Transfers.

52. The Receiver is entitled to the imposition of a constructive trust by the Court for the benefit of the Receivership Estate and the creditors, including other Investors, in the full amount of the Fraudulent Transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver respectfully prays for relief as follows:

A. Pursuant to her First Claim for Relief, a judgment against Defendant avoiding the Fraudulent Transfers under Utah Code Ann. § 25-6-5(1)(a) in the amount of $317,000.00.

B. Pursuant to her Second Claim for Relief, a judgment against Defendant avoiding the Fraudulent Transfers under Utah Code Ann. § 25-6-5(1)(b) in the amount of $317,000.00.

C. Pursuant to her Third Claim for Relief, a judgment against Defendant avoiding the Fraudulent Transfers under Utah Code Ann. § 25-6-6(1) in the amount of $317,000.00.

D. Pursuant to her Fourth Claim for Relief, a judgment against Defendant for unjust enrichment requiring Defendant to disgorge the Fraudulent Transfers in the amount of $317,000.00.

E. Pursuant to her Fifth Claim for Relief, a judgment against Defendant imposing a constructive trust for the benefit of the Receivership Estate on the Fraudulent Transfers in the amount of $317,000.00.

F. A judgment awarding the Receiver pre- and post-judgment interest, together with all costs and expenses, including attorneys' fees and costs, to the extent allowed or authorized by law.

G. A judgment awarding the Receiver such additional relief as the Court deems just.

Dated this 7th day of June, 2016.

Respectfully submitted,

**PARSONS BEHLE & LATIMER**

*/s/ J. Thomas Beckett*
J. Thomas Beckett
Matthew D. Cook
*Attorneys for the Receiver Tammy B. Georgelas*

# EXHIBIT 1

## Schedule of Payments and Investments for Desert Hill Ventures

| Clear Date | Transaction Type | Check Number | Investments in Bliss | Payments from Bliss |
|---|---|---|---|---|
| 8/22/2011 | Check | 521 | | $5,000.00 |
| 9/15/2011 | Check | 529 | | $5,000.00 |
| 10/17/2011 | Check | 544 | | $5,000.00 |
| 11/16/2011 | Check | 557 | | $7,000.00 |
| 12/14/2011 | Check | 569 | | $7,000.00 |
| 1/17/2012 | Check | 578 | | $7,000.00 |
| 2/15/2012 | Check | 592 | | $7,000.00 |
| 3/15/2012 | Check | 602 | | $7,000.00 |
| 4/16/2012 | Check | 612 | | $7,000.00 |
| 5/15/2012 | Check | 622 | | $7,000.00 |
| 6/15/2012 | Check | 636 | | $7,000.00 |
| 7/16/2012 | Check | 683 | | $7,000.00 |
| 8/8/2012 | Check | 641 | | $10,000.00 |
| 8/16/2012 | Check | 648 | | $7,000.00 |
| 10/15/2012 | Check | 669 | | $7,000.00 |
| 11/15/2012 | Check | 714 | | $7,000.00 |
| 12/17/2012 | Check | 728 | | $10,000.00 |
| 1/16/2013 | Check | 763 | | $7,000.00 |
| 2/15/2013 | Check | 775 | | $7,000.00 |
| 3/15/2013 | Check | 788 | | $7,000.00 |
| 4/16/2013 | Check | 803 | | $7,000.00 |
| 5/15/2013 | Check | 819 | | $8,000.00 |
| 6/17/2013 | Check | 839 | | $8,000.00 |
| 7/15/2013 | Check | 861 | | $8,000.00 |
| 8/19/2013 | Check | 886 | | $8,000.00 |
| 9/17/2013 | Check | 909 | | $8,000.00 |
| 10/15/2013 | Check | 936 | | $8,000.00 |
| 11/15/2013 | Check | 963 | | $8,000.00 |
| 12/6/2013 | Check | 986 | | $10,000.00 |
| 1/15/2014 | Check | 1026 | | $8,000.00 |
| 2/14/2014 | Check | 1017 | | $16,000.00 |
| 4/15/2014 | Check | 1128 | | $8,000.00 |
| 5/16/2014 | Check | 1171 | | $8,000.00 |
| 6/23/2014 | Check | 1199 | | $8,000.00 |

4829-1594-7826 v2

| Clear Date | Transaction Type | Check Number | Investments in Bliss | Payments from Bliss |
|---|---|---|---|---|
| 7/21/2014 | Check | 1298 | | $8,000.00 |
| 8/18/2014 | Check | 1271 | | $8,000.00 |
| 9/16/2014 | Check | 1364 | | $8,000.00 |
| 10/15/2014 | Check | 1461 | | $8,000.00 |
| 11/18/2014 | Check | 1479 | | $8,000.00 |
| 12/18/2014 | Check | 1526 | | $8,000.00 |
| 1/15/2015 | Check | 1588 | | $8,000.00 |
| **Total** | | | **$0.00** | **$317,000.00** |

[Payments − Investments] = Net Winnings

[$317,000.00 − $0.00] = **$317,000.00 Net Winnings**

4829-1594-7826 v2